FILED

APR – 1 2019

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
            DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF TEXAS,

## SAN ANTONIO DIVISION.

FREDERICK OMOYUMA SILVER,
           Claimant,

*vs.*

HENRY J. BEMPORAD

UNITED STATES OF AMERICA

ADMINISTRATIVE OFFICE OF THE

UNITED STATES COURTS.
           Defendants.

CASE No.

**SA19CA0284 XR**

CLAIM FOR DAMAGES PURSUANT TO:

28 U.S.C. §§ 2671-2680- THE FEDERAL TORT CLAIMS ACT (FTCA)

42 U.S. Code § 1983 - Civil action for deprivation of rights

42 U.S. Code § 1985 - Conspiracy to interfere with civil rights

42 U.S. Code § 1986 - Action for neglect to prevent

18 U.S. Code § 241 - Conspiracy against rights

18 U.S. Code § 1001 - Statements or entries generally - FRAUD AND FALSE STATEMENTS

18 U.S. Code § 2384 - Seditious conspiracy

DEMAND FOR JURY TRIAL

## ORIGINAL COMPLAINT AND CLAIMS.

TO THE HONORABLE U.S. DISTRICT JUDGE:

### INTRODUCTION.

1.  COMES NOW FREDERICK O SILVER, the Claimant, files this Civil Complaint and

Claims for Actual and Statutory Damages seeking MONETARY, DECLARATORY AND INJUNCTIVE RELIEF Under the FTCA, 28 U.S.C. §§ 2671-2680 for violations of Claimant Rights, Privileges, or Immunities Secured by the Constitution and Laws of the United States of America, for Violations of Defendant's oaths of Office which cannot be present for the record by defendant or his employer and Violations of the Supreme Court of the United States Judgment.

### A. PARTIES

2. Claimant, FREDERICK OMOYUMA SILVER is a Citizen and Resident of City of San Antonio, Bexar County in the Western District of Texas.

3. Defendant Henry J. Bemporad, is upon information and belief a citizen of a foreign Corporation and resident of the Western District of Texas and employed as a U.S. Magistrate Judge at the Western District of Texas for Administrative Office of the United States Courts and conducts his business which he can also be served with service of process at: 655 E. Cesar E. Chavez Blvd., San Antonio, TX 78206 or United States Attorney's Office 601 NW Loop 410, Suite 600. San Antonio, Texas 78216

4. Defendant Administrative Office of the United States Courts, is upon information and belief a Foreign Corporation and conduction its business and can be served with service of process at: 1 Columbus Circle Northeast, Washington, DC 20002 or United States Attorney's Office 601 NW Loop 410, Suite 600. San Antonio, Texas 78216

### B. JURISDICTION AND VENUE

5. This Court has jurisdiction over the lawsuit because this suit involves Federal question jurisdiction pursuant to Section 28 U.S. Code § 1331.

6. This Court has jurisdiction over the Lawsuit because the amount in controversy; cost exceeds $750,000 exclusive of interest and cost. pursuant to Section 28 U.S. Code § 1332.

7. Venue in the San Antonio Division of the Western District is proper pursuant to 28 U.S. Code § 1391, in that all of Claimant Claims and / or cause of Action occurred

Here.

8. Venue in the San Antonio Division of the Western District is proper pursuant to 28 U.S. Code § 1391, in that all Defendants are residents of Bexar County San Antonio Texas State in which the District Court is located;

## C. DISCOVERY CONTROL PLAN.

9. Claimant intends to conduct discovery in this case under TITLE V. DISCLOSURES AND DISCOVERY Rules 26-37 of Federal Rules of Civil Procedure and affirmatively pleads that this case is not governed by the expedited-actions process in Federal Rules of Civil Procedure Rules because the relief sought includes, MONETARY, DECLARATORY AND INJUNCTIVE RELIEF and the claims for MONETARY, DECLARATORY AND INJUNCTIVE RELIEF —including penalties—exceeds $100,000.

## D. FACTUAL ALLEGATIONS

10. On December 13th 2018, Claimant filed a 42 U.S. Code § 1983 - Civil action for deprivation of rights and other U.S. Civil Statute Federal lawsuit against defendants Officer R. Perez Jr. #1372 of the City of San Antonio Police Department with other defendants included, Claimant stated in the complaint (Frederick Omoyuma Silver) was **Travelling** on the SW Connally Loop of 410 freeway towards U.S 90 Access Rd. when Officer R. Perez Jr. #1372 of the City of San Antonio Police Department, drove his UNMARKED Blue Dodge Charger or Challenger Patrol Car/vehicle behind Claimant's car then Turned on the Emergency lights and Sirens, He ordered Claimant to pull off the freeway through the speaker on the unmarked patrol vehicle and into the Valero Gas Station on the SW Connally Loop of 410 freeway at: 102 Demya Dr, San Antonio, TX 78227

11. Officer R. Perez Jr. #1372, got out of his patrol car and approached Claimant with an electronic device in his hands and said I was driving and passed his vehicle and request that I hand him my drivers lienees, proof of financial responsibility or car insurance that he was going to issue me a ticket.

12. Claimant then also filed a Notice of Non-Consent, that he Frederick Omoyuma Silver, DOES NOT CONSENT to any oproceeding or action by a U.S Magistrate Judge because his claims does not involve prisoner matters and the $400 filing fees had been paid and Frederick Omoyuma Silver had requested an Article III Judge only.

13. In the report and recommendations filed by U.S. Magistrate Judge Henry J. Bemporad, he stated that Claimant was Driving his car on SW Connally Loop of 410 freeway towards U.S 90 Access Rd. when Officer R. Perez Jr. #1372 of the City of San Antonio Police Department, drove his UNMARKED Blue Dodge Charger or Challenger Patrol Car/vehicle behind which is an inaccurate description of the fact of this case.

14. The actions and untrue descriptions of the events of this case by U.S. Magistrate Judge Henry J. Bemporad lead U.S. District Judge Fred Biery to dismiss Claimant lawsuit (5:18-cv-01307-FB).

15. The report and recommendations filed by U.S. Magistrate Judge Henry J. Bemporad, also violates the Rulings of the United States Supreme Court (12    2/20/19    17-1091   Timbs v. Indiana    G    586/2).

### CAUSE OF ACTION AND CLAIM.

### **28 U.S. Code § 455. Disqualification of justice, judge, or magistrate judge**

16. (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

17. (b) He shall also disqualify himself in the following circumstances:

18. (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

19. (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

20. (3) Where he has served in governmental employment and in such capacity

participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

21. (4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

22. (5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

(i) Is a party to the proceeding, or an officer, director, or trustee of a party;

(ii) Is acting as a lawyer in the proceeding;

(iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

(iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

23. (c) A judge should inform himself about his personal and fiduciary financial interests, and make a reasonable effort to inform himself about the personal financial interests of his spouse and minor children residing in his household.

24. (d) For the purposes of this section the following words or phrases shall have the meaning indicated:

(1) "proceeding" includes pretrial, trial, appellate review, or other stages of litigation;

(2) the degree of relationship is calculated according to the civil law system;

(3) "fiduciary" includes such relationships as executor, administrator, trustee, and guardian;

(4) "financial interest" means ownership of a legal or equitable interest, however small, or a relationship as director, adviser, or other active participant in the affairs of a party, except that:

25. (i) Ownership in a mutual or common investment fund that holds securities is not a "financial interest" in such securities unless the judge participates in the management

of the fund;

(ii) An office in an educational, religious, charitable, fraternal, or civic organization is not a "financial interest" in securities held by the organization;

(iii) The proprietary interest of a policyholder in a mutual insurance company, of a depositor in a mutual savings association, or a similar proprietary interest, is a "financial interest" in the organization only if the outcome of the proceeding could substantially affect the value of the interest;

(iv) Ownership of government securities is a "financial interest" in the issuer only if the outcome of the proceeding could substantially affect the value of the securities.

26. (e) No justice, judge, or magistrate judge shall accept from the parties to the proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

27. (f) Notwithstanding the preceding provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

## CLAIM I

### (MALICE AND MALICIOUS)

28. U.S. Magistrate Judge Henry J. Bemporad acted in clear malice and malicious intent

while stating inaccurate information on the records, (report and recommendations) to U.S. District Judge Fred Biery.

29. U.S. Magistrate Judge Henry J. Bemporad report and recommendations were in clear violations of the United States Supreme Court's ruling which all US Courts are supposed to go by.

<u>CLAIM II</u>

(FRAUD UPON THE COURT)

30. U.S. Magistrate Judge Henry J. Bemporad failed to rescue himself from the case after being asked to rescue himself.

31. U.S. Magistrate Judge Henry J. Bemporad failed to disclose any dealing with the Attorney of records for the defendants.

32. Inaccurate statements of the facts of this case and acting where Henry J. Bemporad did not have any jurisdiction and or Consent to ACT

<u>CLAIM III</u>

(FEDERAL TORT CLAIMS AGAINST FEDERAL JUDICIARY PERSONNEL UNDER THE FTCA, 28 U.S.C. §§ 2671-2680)

33. By doing the acts described on the above paragraphs, Defendants Henry J. Bemporad Cause the Claimant and/ or permitted the personal injury, property damages, arising from the alleged negligence of Henry J. Bemporad an officer and employees of the federal judiciary acting in the scope of his official duties.

<u>DEMAND FOR RELIEF</u>

WHEREFORE, the Claimant Frederick O Silver, et al, incorporates by reference paragraphs 1 through 43 as if fully set forth herein. Defendants acts and / or omissions were a proximate cause and the moving force behind the following actual damages suffered by the claimant and defendants should be held jointly and severally liable for the following damages, claimant seeks and demand that the Court grant Monetary, Declaratory, Injunctive and Punitive Damages for the following relief:

(a)   Statutory and punitive damages of $1,000,000. (One Million Dollars) by all defendants listed above.

(b)   Actual damages Under the FTCA, 28 U.S.C. §§ 2671-2680

(c)   Actual damages pursuant to 42 U.S.C. § 1983: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, subjects, or causes to be subjected, any citizen of the United States to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(d)   Actual damages pursuant to 28 U.S. Code § 1343 - Civil rights and elective franchise: (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: (1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42; (2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent; (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; (4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights.

(e)    Actual damages pursuant to 42 U.S. Code § 1985 - Conspiracy to interfere with civil rights: deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

(f)    Actual damages pursuant to 42 U.S. Code § 1986 - Action for neglect to prevent: shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act,

(g)    Punitive / Exemplary damages: punitive / exemplary damages are recoverable under 42 U.S. Code § 1983 - Civil action for deprivation of rights when the conduct is shown to be motivated by evil motive or intent to the federally protected rights of claimant.

(h)    Such other and further relief as the court deems just and proper

### DEMAND FOR JURY TRIAL

Claimant hereby request a Jury Trial on all issues raised in his Complaint and Claims pursuant to Rule 38 of the Federal Rules of Civil Procedure and Section 102 of the Civil Rights Act of 1991, 42 U.S.C § 1981a.

Dated: this 19th Day of January, 2018

Frederick Omoyuma Silver
P.O BOX 276353
SAN ANTONIO TX 78227.

COMPLAINT and CLAIMS FOR DAMAGES