IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FREDERICK OMOYUMA SILVER, | § § § | |
| *Plaintiff*, | § § | |
| vs. | § | 5-19-CV-00284-XR-RBF |
| HENRY J. BEMPORAD, ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, | § § § § | |
| *Defendants*. | § § § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Xavier Rodriguez:**

This Report and Recommendation concerns the civil Complaint filed by pro se Plaintiff Frederick Omoyuma Silver. Because Silver is proceeding *in forma pauperis* ("IFP"), this case was automatically referred to the undersigned upon filing, pursuant to 28 U.S.C. § 636(b) and the docket-management order entered on September 29, 2017 in the San Antonio Division of the Western District of Texas. The undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72, notwithstanding Silver's expressed belief to the contrary. *Cf.* Dkt. No. 5. Although Silver has not consented to have this case tried before a magistrate judge, a magistrate judge—regardless of the parties' consent—has authority to hear and decide the types of pretrial issues referred here by the District Court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *see also, e.g.*, *Stewart v. Louisiana*, 675 F. App'x 493, 494 (5th Cir. Feb. 6, 2017) (per curiam).

For the reasons discussed below, the undersigned recommends that the District Court Dismiss this case as frivolous and for failure to state a claim on which relief may be granted. Further, a review of the totality of Silver's filings in this case—as well as in *seven other cases*—reveals that Silver is a vexatious litigant whose frivolous filings pose an unwarranted burden on the Court. Accordingly, the undersigned further recommends that the District Court **ENJOIN** Silver from filing further lawsuits in this judicial district without prior leave from a district judge of this district. Finally, as two of Silver's cases are currently pending in this district, it is recommended that Silver be **WARNED** that further frivolous filings in any new or pending case may result in the imposition of monetary sanctions.

## I. Factual and Procedural Background

Pro se Plaintiff Silver initiated this action on March 19, 2019. He did so seeking to proceed IFP. By and through his civil Complaint, Silver asserts that U.S. Magistrate Judge Henry Bemporad inaccurately described the facts in a previously filed case, styled as *Silver v. Perez, et al.*, No. 5-18-cv-1307-FB (W.D. Tex. filed Dec. 13, 2018), which Silver alleges caused the District Court to dismiss the litigation. In allegedly misrepresenting the facts in his underlying case, Silver baldly asserts—without any supporting facts or basis—that Judge Bemporad "acted in clear malice and malicious intent." He further speculates that Judge Bemporad committed a "fraud upon the court" by "fail[ing] to recuse himself from the case after being asked to recuse himself," "fail[ing] to disclose any dealings with the Attorney of record for the defendants," and making "[i]naccurate statements of the facts of [the underlying case] and acting where Henry J. Bemporad did not have jurisdiction and or consent to ACT." Silver brings the following "claims" against Defendants Judge Bemporad and the Administrative Office of the United States Courts (the "AO"): (1) malice and malicious; (2) fraud upon the court; and (3) violations of the Federal

Tort Claims Act, 28 U.S.C. §§ 2671-2680. Silver seeks monetary damages in the amount of $1 million.

On April 1, the undersigned granted Silver's IFP Application but warned Silver that, as pled, Silver failed to state a non-frivolous claim upon which any relief may be granted. *See* Dkt. No. 8. Mindful of the obligation to liberally construe a pro se plaintiff's complaint, however, the undersigned permitted Silver an opportunity to show cause as to why his Complaint should not be dismissed. He was therefore afforded an opportunity to file an amended complaint or a brief addressing the specific pleading deficiencies pointed out in the April 1 Order. That same Order noted for the record that this is very likely Silver's sixth frivolous case filed in the past few years. *See id.* at 8-9. Accordingly, the Order warned Silver that "the pursuit of additional frivolous litigation—*including this action*, if it continues on its present trajectory—is very likely to result in the imposition of sanctions, including but not limited to monetary sanctions or a pre-filing injunction." *Id.* (emphasis in original).

On April 2, Silver filed a Response to the undersigned's April 1 Show Cause Order. *See* Dkt. No. 11. the Response appears to argue that the undersigned's recusal is warranted here because the undersigned "has not stated on the Court Record if he is acting as the defense attorney for the defendants on this case." *Id.* at 2. Silver "then directs" the undersigned "to study the definitions of a "driver" and "to study the Constitutional Rights that Frederick Omoyuma Silver has." *Id.* Other than this cursory, unhelpful response, Silver asserts that he "would not be responding to any of the Order to show Cause from [the undersigned] as this Order is VOID on its face." *Id.* (emphasis in original). Silver "demand[s] that the court issue a summons and it be served on the listed defendants to the well pleaded Complaint and Claims against them in accordance to the Federal [R]ules of Civil [P]rocedure which clearly states Complaint upon

which relief must be granted." He also "place[s] a Demand on [the undersigned] to produce a copy of the Oath of Office which he took before performing the duties of a U.S. Magistrate Judge." Silver concludes his Response by asserting that "[t]he Court should not use treat [sic] of sanctions and fees to intimidate, or denial [sic] me 'Frederick Omoyuma Silver' Justice through the public court system." *Id.* This case is frivolous, and Silver's actions—notwithstanding his pro se status—are sanctionable.

I. **Legal Standards**

Pursuant to 28 U.S.C. § 1915(e), the Court is required to screen any civil complaint filed by a party proceeding IFP and in doing so to determine whether the claims presented: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant enjoying immunity from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous where there is no arguable legal or factual basis for the claims. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

"A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quotations omitted). A complaint can be factually frivolous if "the facts alleged are 'fantastic or delusional scenarios.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 327-28). In evaluating whether a complaint states a claim under § 1915(e)(2)(B), this Court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011).

To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)). These factual allegations need not be highly detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id*. at 555-56.

"[A] district court is 'vested with especially broad discretion' in determining whether . . . a dismissal [under § 1915(e)(2)(B)(i)] is warranted." *Id.* (quotation marks omitted). "A district court may dismiss an IFP proceeding for frivolousness or maliciousness at any time, before or after service of process and before or after the defendant's answer." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**II.     Analysis**

This case should be dismissed for the same reasons set forth in the undersigned's April 1 Order. Judge Bemporad made no misrepresentation in recommending that Silver's underlying case be dismissed. According to Silver, Judge Bemporad's report and recommendation misrepresented that Silver was "driving his car on SW Connally Loop of 410 freeway toward U.S. 90" when in fact Silver alleged that he was "*travelling* on SW Connally Loop of 410 freeway toward U.S. 90." (emphasis added). Although Silver appears to argue now that he was actually a passenger in the vehicle at the time of the events in question, his complaint in the underlying case indicates that he was driving at the time of the events in question. There is no misrepresentation or inaccuracy at all, let alone an intentional or reckless one. And there is absolutely no basis to infer malice on the part of the judge. These contentions are frivolous. Regardless, even if Judge Bemporad did somehow misrepresent the underlying facts and even if any such supposed misrepresentation were somehow malicious, as Silver wildly speculates,

absolute judicial immunity would apply. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978), *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Although judicial immunity might be overcome in connection with an action that is not undertaken in a judge's judicial capacity or where a judge acts "in the complete absence of all jurisdiction," *Mireles*, 502 U.S. at 11-12, neither exception could possibly apply here. Judge Bemporad issued his Report and Recommendation in the underlying case while performing his official duties as a U.S. Magistrate Judge. *See Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). And, contrary to Silver's contentions, Judge Bemporad did not act in the complete absence of all jurisdiction. As mentioned above, consent is not required when, as is the case here, the district court refers a case to a magistrate judge to hear pretrial matters dispositive of claims and enter a recommended disposition.[1] Silver's non-consent to magistrate jurisdiction simply means that the district judge must enter *final judgment* and that a magistrate judge ought to issue a report and recommendation on any dispositive motion. This is precisely what occurred. Judge Bemporad did not issue final judgment on any of Silver's underlying claims; he instead issued a report and recommendation to the district judge. The District Judge—after considering Silver's objections—adopted the recommendations.

There is also no basis for Silver's complaints about recusal either in the underlying case or the instant action. The District Judge determined—after a thorough analysis—that Judge Bemporad did not err in denying Silver's motion to recuse. *See Silver v. Perez, et al.*, No. 5-18-cv-1307-FB (W.D. Tex. Dec. 13, 2018), Dkt. No. 49 at 3-5. In any event, there is no basis whatsoever to conclude that Judge Bemporad had any type of bias or prejudice against Silver, or

---

[1] 28 U.S.C. § 636; Fed. R. Civ. P. 72; *see also Stewart* 675 F. App'x at 494; *Shiimi v. Asherton I.S.D.*, 983 F.2d 233, 1993 WL 4732, at *2 (5th Cir. Jan. 8, 1993) (per curiam) ("It is only when the magistrate judge is to conduct all proceedings to conclusion that consent of the parties is required."); *Wickerham*, 2014 WL 5469816, at *5 n.1.

any "dealings" with the defendants in the underlying case so as to warrant recusal. Silver's complaints are pure unsupported (and wholly inappropriate) speculation, which is driven, perhaps, by his disagreement with Judge Bemporad's recommendation on the merits. In light of the District Court's conclusion that recusal was not required, Silver's recourse lies with an appeal on the merits in the underlying case,[2] which Silver has already sought. *See id.*, Dkt. No. 51. Nor is there any basis for the undersigned's recusal from the instant action. The undersigned is not acting as a defense attorney for Defendants, as Silver posits, but is instead performing the screening obligation mandated by § 1915(e). *Cf.* 28 U.S.C. § 455 (discussing when a judge must disqualify himself from a proceeding).

Silver's claims against the AO are equally frivolous. Silver has failed to allege any wrongful action allegedly undertaken by the AO. Accordingly, Silver has failed to state a claim on which relief may be granted against the AO. Even if Silver were to amend his complaint to specify his allegations against the AO, as an agency of the United States the AO would almost certainly be entitled to sovereign immunity in this case. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Duru v. Mitchell*, No. 3:16-CV-3546-D, 2017 WL 4174808, at *2 (N.D. Tex. Aug. 18, 2017), *report and recommendation adopted*, No. 3:16-CV-3546-D, 2017 WL 4174802 (N.D. Tex. Sept. 19, 2017) (dismissing plaintiff's claims seeking monetary relief against the AO on sovereign immunity grounds). Although the Federal Torts Claim Act operates as a limited waiver of sovereign immunity, making the Government and its agencies liable for certain torts committed by federal employees acting within the scope of their employment, *see United States v. Orleans*, 425 U.S. 807, 813 (1976), there is no basis to conclude here that the FTCA applies.

---

[2] *See, e.g.*, *Liteky v. United States*, 510 U.S. 540, 545 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . [T]hey are proper grounds for appeal, not for recusal.") (citations omitted).

Silver does not allege he has satisfied the FTCA's administrative-exhaustion requirement, which is a prerequisite to filing suit. *See Coleman v. United States*, 912 F.3d 824, 834 (5th Cir. 2019). Moreover, it is unclear from Silver's Complaint what, if any, independent tort the AO allegedly committed. *See* 28 U.S.C. § 1346(b).

For all these reasons, Silver's Complaint—even liberally construed—should be dismissed as frivolous and for failure to state a claim on which relief may be granted. Silver has entirely failed to cure the above-referenced pleading deficiencies, insisting instead—without any legal support—that the undersigned's April 1 Show Cause order is "VOID on its face." An additional opportunity to amend is therefore unwarranted under these circumstances.

### III.  Sanctions Are Warranted Here

As previously explained in the undersigned's Show Cause Order, this is Silver's *sixth* case filed in the past few years, all of which have been dismissed at the pleadings stage. *See Silver v. Towner et al.*, No. 5-17-cv-1135-DAE (W.D. Tex. filed Nov. 7, 2017); *Silver v. Salazar et al.*, No. 5-18-cv-1-XR (W.D. Tex. filed Nov. 2, 2018); *Silver v. Perez et al.*, No. 5-18-cv-1307-FB (W.D. Tex. filed Dec. 13, 2018); *Silver v. Toyota Motor Mfg. Tex. Inc., et al.*, No. 5-18-cv-171-FB (W.D. Tex. filed Feb. 20, 2018); *Silver v. SAPD*, No. 5-19-cv-7-XR (W.D. filed Jan. 4, 2019). Although only one of Silver's cases was expressly dismissed as frivolous, the other cases also appear baseless; they simply were not screened pursuant to §1915(e) because Silver paid the filing fee. In each of these cases, Silver engaged in frivolous motion practice—filing numerous baseless objections and requests for recusal of the various presiding magistrate and district judges. Several of the cases have also been dismissed for lack of subject-matter jurisdiction. Silver has continued to engage in frivolous motion practice as evident by his pending motions to remand and requests for sanctions in the recently removed cases *Silver v.*

*Bexar County District Attorney Office et al.*, No. 5:19-cv-337-DAE (W.D. Tex. removed Apr. 2, 2019), and *Silver v. City of San Antonio et al.*, No. 5-19-cv-349-DAE (W.D. Tex. removed Apr. 4, 2019).[3] One of these cases appears to raise substantially similar—if not identical—claims to those brought in the underlying case that was dismissed at Judge Bemporad's recommendation. *Compare Silver v. City of San Antonio*, No. 5-19-cv-349-DAE (removed Apr. 4, 2019) *with Silver v. Perez, et al.*, No. 5-18-cv-1307-FB (W.D. Tex. filed Dec. 13, 2018).

A review of the totality of Silver's filings in this district reveals that he is a vexatious litigant.

> Federal Rule of Civil Procedure 11(b) provides in relevant part:
>
> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law

Fed. R. Civ. P. 11(b). Violations of this rule can subject a litigant to sanctions, including non-monetary ones, with the goal of "deter[ring] repetition of the conduct." Fed. R. Civ. P. 11(c)(4). This rule provides district courts "considerable discretion in determining the 'appropriate' sanction to impose upon the violating party." *Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866,

---

[3] *See Silver v. Bexar County District Attorney Office et al.*, No. 5-19-cv-337 (DAE W.D. Tex. removed Apr. 2, 2019), Dkt. No. 3 (moving for remand of a case alleging various civil rights violations because *Defendants* have not stated any federal claims for relief and Defendants have not "[s]tated on the Court record" if either Bexar County or the City of San Antonio "can Sue or be Sued by [their] Corporate Name[s], and requesting sanctions based on Defendants' alleged "improvident removal"); *Silver v. City of San Antonio*, No. 5-19-cv-349-DAE (W.D. Tex. removed Apr. 4, 2019), Dkt. Nos. 6 & 7 (raising similar allegations).

877 (5th Cir. 1988). A district court also retains power to issue sanctions even if there is no subject matter jurisdiction over the case. *See Willy v. Coastal Corp.*, 503 U.S. 131, 135, (1992); *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010). Further, when a party is ordered to show cause as to why certain conduct does not warrant sanctions, a court may impose these sanctions *sua sponte*. Fed. R. Civ. P. 11(c)(3).

Federal courts also possess an inherent power to sanction abusive litigation practices "to protect the efficient and orderly administration of justice and . . . to command respect for [their] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Within this inherent authority is the ability to issue a pre-filing injunction to deter vexatious filings. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008). When determining whether the imposition of a pre-filing injunction would be appropriate, a court weighs all relevant circumstances, including the following four main considerations:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* If issued, such injunctions "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.* at 189 (quotation marks omitted).

Judge Biery first raised the possibility of sanctions on August 3, 2018, placing Silver on notice that filing additional frivolous lawsuits may result in the imposition of a pre-filing injunction.[4] And the undersigned reiterated this warning in the April 1 Show Cause Order. *See*

---

[4] *Silver v. Toyota Motor Mfg.*, No. 5-18-cv-171-FB (W.D. Tex. filed. Feb. 20, 2018), Dkt. No. 40 at 6 ("Plaintiff is HEREBY WARNED that he MAY BE SANCTIONED if he files additional frivolous or baseless lawsuits and/or continues to use vulgarities and defamatory language in his pleadings to disparage and/or harass defendant Towner and her young child. Sanctions could include, but are not limited to, an award of attorneys' fees in the defendant's favor, a preliminary

Dkt. No. 8 at 8-9. Silver, however, has refused to heed these repeated warnings and has instead escalated his vexatious behavior, as evidenced by the statements in his Response to the undersigned's Show Cause Order as well as in his pending motions to remand and for sanctions in his two newly removed actions. As discussed above, Silver has a history of frivolous litigation in this district, and there is no good faith basis for pursuing any of the six previously dismissed actions. His other two pending actions appear to be equally frivolous. Silver's repeated frivolous filings are an unwarranted burden to the Court. Finally, it does not appear from the record that imposing a lesser or different sanction would effectively deter Silver.

In light of all the above, the undersigned recommends that the District Court **ENJOIN** Silver from filing any further lawsuits in this district without first obtaining permission from a district judge in the district. As Silver currently has pending cases in this district, it is further recommended that the District Court **AGAIN WARN** Silver that further frivolous filings in any of those cases—or any other case—may also result in the imposition of monetary sanctions. *See, e.g.*, *Thomas*, 836 F.2d at 877 (explaining that under Rule 11, district courts have "considerable discretion in determining the 'appropriate' sanction to impose upon the violating party."); *In re Stone*, 986 F.2d at 902 (discussing a federal court's inherent power to sanction abusive litigation practices "to protect the efficient and orderly administration of justice and . . . to command respect for [their] orders, judgments, procedures, and authority.").

---

injunction prohibiting plaintiff from making future filings, and such other sanctions as the Court may deem appropriate.") (emphasis in original).

## IV. Conclusion and Recommendation

For these reasons, the undersigned recommends that Silver's case be **DISMISSED** as frivolous and for failure to state a claim on which relief may be granted.

It is further recommended that the District Court **ENJOIN** Silver from filing further lawsuits in this district without obtaining prior permission from a district judge in this district. Finally, it is recommended that Silver be **AGAIN WARNED** that further frivolous filings in this case or any other case filed in this district may result in the imposition of monetary sanctions.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52

(1985); *Acuña v. Brown & Root*, *Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 9th day of April, 2019.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE