IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| FREDERICK OMOYUMA SILVER, | § § § | |
| *Plaintiff*, | § § | SA-19-CV-00284-XR |
| vs. | § § § | |
| HENRY J. BEMPORAD, ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, | § § § § | |
| *Defendants*. | § § § | |

## **ORDER**

On this date, the Court considered the Report and Recommendations of the United States Magistrate Judge (docket no. 12). Because Plaintiff Frederick Omoyuma Silver is proceeding *in forma pauperis* (IFP), the case was automatically referred to the Magistrate Judge, and the Magistrate Judge screened Silver's Complaint pursuant to 28 U.S.C. § 636(b) and the docket-management order entered by this Court on September 29, 2017. That order provides that all cases in which a plaintiff seeks to proceed IFP shall be automatically referred to a Magistrate Judge for disposition of the application to proceed IFP and for a prompt recommendation if it appears the case should be dismissed pursuant to 28 U.S.C. § 1915(e).

After screening Silver's Complaint, the Magistrate Judge recommends that the Court dismiss the case as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e). The Magistrate Judge further recommends classifying Silver as a vexacious litigant and issuing a pre-filing injunction and a warning that financial sanctions may be imposed for further frivolous filings in any new or pending case. Plaintiff has responded to the Report and Recommendation by claiming it is void on its face.

## ANALYSIS

Construing Silver's response as objections, the Court will conduct a *de novo* review. Silver filed this action on March 19, 2019, asserting claims against Magistrate Judge Henry Bemporad and the Administrative Office of the United States Courts as his employer. Silver alleges that Judge Bemporad inaccurately described certain facts in his previous case, *Silver v. Perez, et al.*, No. 5-18-CV-1307-FB (W.D. Tex.), which Silver contends caused the District Judge to dismiss the litigation. Plaintiff objects to having his case screened under 28 U.S.C. § 1915(e) because he is not a prisoner and contends that Magistrate Judge Farrer "did not even state if he is practicing law from the bench and acting as the defense attorney for the defendant." Docket no. 13. However, Plaintiff's objections to the screening and recommendation process have no merit.

Section 1915(a) of Title 28 enables an indigent person to bring an IFP action in federal court without paying costs, but section 1915(e)(2) prevents abuse of the privilege by authorizing the Court to dismiss the case if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(a), (e)(2). A district court is vested with especially broad discretion in determining whether a dismissal under § 1915(e)(2)(B)(i) for frivolousness is warranted, and dismissal is appropriate where the complaint has no realistic chance of ultimate success. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *George v. King*, 837 F.3d 705, 707 (5th Cir. 1988). In determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii), the Court applies the same standards governing dismissals under Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

Section 1915(e)(2) provides that "the court shall dismiss the case *at any time* if the court determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2) (emphasis added); *Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 343 (5th Cir. 2013). A dismissal "at any time" includes at the initiation of the action, before the defendant has appeared. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986). Further, the duty and power to review and dismiss IFP proceedings under § 1915(e) is not limited to prisoner litigation. *See, e.g.*, *Burse v. Sullivan*, 980 F.2d 1444 (5th Cir. 1992) (social security appeal); *see also Haqq v. Tex. Dept. of Human Servs.*, No. EP-07-CA-0156-FM, 2007 WL 1958611, at *1 (W.D. Tex. June 29, 2007) ("Section 1915(e)(2)(B) applies to both prisoner and non-prisoner *in forma pauperis* cases.").

Thus, screening a non-prisoner IFP complaint to determine whether it is frivolous or fails to state a claim is sanctioned by § 1915. Further, pursuant to this Court's standing order, the motion to proceed IFP and accompanying screening were automatically referred to Magistrate Judge Farrer. Thus, Plaintiff's assertion that Judge Farrer's Report and Recommendation is void is baseless. Although Plaintiff correctly asserts that he is entitled to a final disposition by an Article III Judge, a Magistrate Judge has authority to conduct the screening and make a recommendation thereon to the District Judge. That is what has occurred in this case.

Turning to the merits of Plaintiff's claims in this action, Plaintiff asserts that Magistrate Judge Henry Bemporad misrepresented facts and should have recused himself in Silver's prior litigation. He asserts a claim for "Malice and Malicious," asserting that Judge Bemporad acted with clear malice and malicious intent while stating inaccurate information to District Judge Fred Biery, a claim for "Fraud Upon the Court" based on Judge Bemporad's failure to recuse, and a claim under the Federal Tort Claims Act (FTCA).

The Report and Recommendation correctly notes that Magistrate Judge Bemporad has absolute judicial immunity for the actions of which Silver complains, and that he had jurisdiction to conduct the proceedings in Silver's case pursuant to Judge Biery's referral and applicable statutes. *See* 28 U.S.C. § 636. Although Silver did not consent to Magistrate Judge jurisdiction, Judge Bemporad did not issue any final orders in his case, and had statutory authority to issue the Report and Recommendations to Judge Biery. District Judge Biery, not Magistrate Judge Bemporad, issued the dispositive rulings on Silver's claims. Further, Judge Biery analyzed the issue of recusal and found that Judge Bemporad did not err in denying Silver's motion to recuse. Silver's remedy for his disagreement with these rulings is by appeal. Thus, the Court finds Plaintiff's claims against Magistrate Judge Bemporad to be frivolous.

Silver's claims against the Administrative Office (AO) are also frivolous, as Silver fails to allege any facts establishing possible liability on the part of the AO. Further, the AO would enjoy sovereign immunity, and to the extent Plaintiff is pursuing a claim against the AO under the FTCA, Plaintiff fails to allege that he has exhausted administrative remedies under the FTCA, a jurisdictional prerequisite to suit under the FTCA.

Plaintiff's claims against Judge Bemporad and the AO are frivolous and fail to state a claim for relief. The Court DISMISSES Plaintiff's claims pursuant to 28 U.S.C. §1915(e).

### PRE-SUIT INJUNCTION & MONETARY SANCTION WARNING

The Court next considers the recommendation to classify Silver as a vexatious litigant and to issue a pre-filing injunction and a monetary sanction warning. The Report and Recommendation details Plaintiff's litigation history in this Court, noting that he has filed six cases in the past few years, all of which have been dismissed at the pleadings stage and that, in

each case, Silver engaged in frivolous motion practice. Based on his history, the Court agrees that Silver should be classified as a vexatious litigant.

Plaintiff was previously warned by Judge Biery in *Silver v. Toyota Motor Manufacturing*, No. 5-18-cv-171-FB (docket no. 40) of possible sanctions, including a prefiling injunction or an award of attorney's fees, if he continued to file additional frivolous lawsuits. Plaintiff was further warned by Magistrate Judge Farrer in this case in his April 1 Show Cause Order of the possibility of sanctions, and was provided an opportunity to respond to Judge Farrer's Report and Recommendations on this issue, but failed to do so.

Federal Rule of Civil Procedure 11(b) provides in relevant part that:

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; [and]

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law.

FED. R. CIV. P. 11(b). Violations of this Rule subject a litigant to sanctions, including non-monetary ones, with the goal of "deter[ring] repetition of the conduct." FED. R. CIV. P. 11(c)(4). This Rule gives district courts wide discretion in determining what sanctions are appropriate. *See Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 877 (5th Cir. 1988). Further, a court may order a party to show cause why conduct has not violated Rule 11 and impose these sanctions *sua sponte*. FED R. CIV. P. 11(c)(3).

In addition to the Rules, federal courts have inherent power to sanction abusive litigation practices "to protect the efficient and orderly administration of justice and . . . to

command respect for [their] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Within this inherent authority is the ability to issue a pre-filing injunction to deter vexatious filings with the court. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008). When determining whether the imposition of a pre-filing injunction would be appropriate, the court must weigh all relevant circumstances, including four main factors:

> the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Id.* (internal quotations omitted). If issued, such injunctions "must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants." *Id.*

As to a pre-suit injunction being a proper sanction, Judge Farrer's Show Cause order and Report and Recommendations gave Silver notice that the Court was considering this injunction as a potential sanction, satisfying the notice requirement of Fed. R. Civ. P. 11(c)(3) for a court issuing sanctions *sua sponte* and set forth in *Baum*. Further, the relevant factors all support issuing such an injunction, as detailed in Judge Farrer's Report. In short, the Court agrees that Silver has a history of filing harassing and duplicative lawsuits without good faith basis; his filings have imposed significant burdens on the Court; and lesser sanctions would not adequately deter his conduct. Accordingly, the Court issues a pre-filing injunction.

Further, because Silver already has other pending litigation in this Court, he is warned that further frivolous filings or motions in those cases or any future filed or removed case may also result in the imposition of monetary sanctions.

## CONCLUSION and ORDERS

The Recommendations of Magistrate Judge Farrer are ACCEPTED. Plaintiff Silver's case is DISMISSED as frivolous and for failure to state a claim upon which relief may be granted. The Clerk shall issue a separate judgment pursuant to Rule 58.

Plaintiff is further **ENJOINED from filing any civil lawsuit in the San Antonio Division of the United States District Court for the Western District of Texas unless he first seeks leave and obtains permission from a district judge in this district**. Before filing any new lawsuit in this district and division, Silver must file a motion for leave to file the action, along with a proposed complaint, which motion shall be randomly assigned to a Judge in the division for disposition. The Clerk is instructed to not accept any new lawsuit filed by Silver in this division unless and until such motion is filed and granted.

Because Silver has other pending litigation in this Court and may have future cases removed to this Court, he is also **WARNED that further frivolous filings or motions in those pending cases or any future filed or removed case may also result in the imposition of monetary sanctions**.

SIGNED this 18th day of April, 2019.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE